Mr. Ray L? May it please the court, the government is appearing today primarily to emphasize that this court has alternative grounds upon which to affirm the MSPB's decision in this case besides collateral estoppel, which was the primary basis of the MSPB's decision below. The court is to attempt to answer any questions the court has on any aspect of the case. I'd like to ask you a preliminary question to which you may or may not know the answer. Is it well established that issue preclusion covers jurisdictional rulings? I know the board said issue preclusion, whatever, they listed four conditions that had to be met. And I'm just curious whether the doctrine also, it's really just I guess more of an estoppel, whether that doctrine has also been held to cover jurisdictional rulings, which is what we have here. You may not know the answer to that. I'm not aware of any particular case, your honor. I don't believe that any case that says explicitly that the doctrine also covers jurisdictional rulings. I believe the Merit Systems Protection Board cited one. I don't believe there's anything in this court's precedent in terms of the standard for collateral estoppel, which would preclude it from covering a jurisdictional issue, as opposed to res judicata, where there has to be a judgment on the merits. There's no such requirement in collateral estoppel. It's simply a matter of the identical issue as well as the other. What's your alternative basis? The alternative basis, basically the plaintiff in my appeal to this court has raised two new claims that they brought in before the Merit Systems Protection Board. Those are 5 CFR 12013A6, Determinations Affecting the Rights or Interests of an Individual under the Federal Employees Retirement System, and 5 USC 2302B. There were two other claims before the board, but they were basically frivolous, and the petitioner didn't address them on this appeal. The first, for the 5 CFR 12013A6, the Determination Affecting Retirement Rights, the board doesn't have jurisdiction, as the administrative judge actually noted in a footnote, the board doesn't have jurisdiction to hear that issue because there's been no reconsideration. Yeah, but let me ask you about that. I think you raised that in a footnote in your red brief, and I didn't quite understand where you were going with that. I mean, your footnote seemed to suggest that somebody might have jurisdiction, including the MSPB, later on. But, I mean, you said they don't have jurisdiction now because there's no final consideration by the OPM. But let's assume OPM decides this at some point in the future. Would the board have jurisdiction then over the retirement claim? I don't think so because of the collateral estoppel issue, but if, for some reason, the court were to disagree on collateral estoppel, and then there were a final reconsideration decision, then it's possible, I suppose, that later on there could be jurisdiction. Do both of these alternative contentions, however, depend on the ultimate question of whether the board could consider a challenge to the administrator's decision? Not the administrator. Arbitrary. Yeah. In other words, is it all part of the same thing, and does the argument that collateral estoppel bars him from relitigating the question of compliance also wipe out his other two arguments? If I understand the question correctly, Your Honor, are the alternative grounds that I'm mentioning here, are they dependent on our argument that the board doesn't have the correct collateral estoppel, doesn't apply, or they all concede the alternative? No, I'm not talking about your argument. Whether they have any validity apart from the main argument. That is, is it conceivable that we could affirm the board's argument and yet hold in his favor on one of the two others? No, Your Honor, if you affirm the board's argument. If we affirm the board's argument that collateral estoppel bars him from litigating this, the case is over? Yes, Your Honor. Because there's no jurisdiction. Correct, Your Honor. What should he have done? You get an arbitration award. It's not appealable to the board, as you suggest. Is it appealable to the right to district court? I mean, there's some measure of appeal right to an arbitration award. I'm not sure. In this instance, I know that the board in the previous MSPB appeal, he had held that the board did not have jurisdiction to enforce that arbitration award. That's how the collateral estoppel issue is raised in this case. Right. But my question is, does someone have jurisdiction to enforce an arbitration award? I do not know. I don't know that, Your Honor. But I'm not sure. I don't think that's necessary to resolve this case. No, I just think it's, I mean, assuming that there is jurisdiction, it lies in a district court or whatever, one would think that perhaps the MSPB could tell someone, not just don't come here, we don't have jurisdiction, but suggest to them that jurisdiction lies elsewhere and that that might be helpful to do. Possibly, Your Honor. So just to get back to the alternative points that I was making, so there was no reconsideration decision from OPM. Thus, Mr. Travis couldn't bring his claim based on OPM determinations affecting retirement rights. But you're saying he couldn't get in anyway. Right. You're not saying it's not right because it's still pending at OPM. You're saying even if he got a decision from OPM, he still couldn't bring it up. Because of collateral estoppel. Right. Yes, Your Honor. The other claim that he made was under 5 U.S.C. 2302B, and there's a number of reasons why the board doesn't have jurisdiction to hear that claim, which we laid out in our brief. First, 2302B does not create an individual right of action as the petitioner suggested. It's also well settled that 2302B9, which prohibits retaliation for the filing of grievances, appeals, etc., which is the argument the petitioner made here, that also doesn't create any individual right of action before the board. Now, to the extent Mr. Travis was alleging a whistleblower action pursuant to 5 U.S.C. 1221 and 5 U.S.C. 2302B8, for which there is ordinarily an individual right of action, the MSPB does not have jurisdiction to hear such whistleblower actions against the Postal Service, as this court explained in Booker v. The Merit System protections. So I'd say what you're really arguing is that the board has no jurisdiction either over the main claim or his new claims. Exactly, Your Honor, yes. So the board has no jurisdiction over any of his claims. That's correct, Your Honor. Because they're all the same claims. Yes, that's the collateral estoppel argument, yes. And I was saying even if somehow collateral estoppel didn't apply, the board still doesn't have jurisdiction over the new claims that have been brought. Therefore, we ask that you affirm the MSPB's decision in this case upon the basis of collateral estoppel and or the basis that the MSPB did not have jurisdiction to hear Mr. Travis's claims because OPM has not issued a reconsideration decision and Mr. Travis cannot bring an individual right of action against the Postal Service in this case. Thank you. Thank you, Mr. Reale. Thank you.